ACCEPTED
12-14-00212-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
2/5/2015 10:48:35 AM
CATHY LUSK
CLERK

CAUSE NO. <u>12-14-00212-CV</u>

## IN THE TWELFTH COURT OF APPEALS
### TYLER, STATE OF TEXAS

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
2/5/2015 10:48:35 AM
CATHY S. LUSK
Clerk

|  |  |  |
|---|---|---|
| **ROBERT ROBINSON,** | § | |
| Appellant, | § | |
|  | § | |
| v. | § | Cause No. 12-14-00212-CV |
|  | § | |
| **WELLS FARGO BANK, N.A.,** | § | |
| Appellee. | § | |

FILED
2/5/2015
Twelfth Court of Appeals
Cathy Lusk
Clerk

Appeal from the County Court at Law of Cherokee County,
Trial Court Cause No. CV-9282

## BRIEF OF APPELLEE

Melissa A. McKinney
**BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP**
State Bar No. 24041451
melissmc@bdfgroup.com
15000 Surveyor Blvd., Suite 100
Addison, Texas 75001
(972) 341-0995 (Telephone)
(972) 341-0734 (Facsimile)
**ATTORNEYS FOR APPELLEE**

**BRIEF OF APPELLEE**

CAUSE NO. <u>12-14-00212-CV</u>

# IN THE TWELFTH COURT OF APPEALS
## TYLER, STATE OF TEXAS

| | | |
|---|---|---|
| ROBERT ROBINSON,<br>　　Appellant, | §<br>§<br>§ | |
| v. | §<br>§ | Cause No. 12-14-00212-CV |
| WELLS FARGO BANK, N.A.,<br>　　Appellee. | §<br>§<br>§<br>§ | |

Appeal from the County Court at Law of Cherokee County, Texas
Trial Court Cause No. CV-9282

## BRIEF OF APPELLEE

Melissa A. McKinney
**BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP**
State Bar No. 24041451
melissmc@bdfgroup.com
15000 Surveyor Blvd., Suite 100
Addison, Texas  75001
(972) 341-0995 (Telephone)
(972) 341-0734 (Facsimile)
**ATTORNEYS FOR APPELLEE**

## IDENTITY OF PARTIES AND COUNSEL

**Appellant:**

Robert Robinson, *pro se*

**Appellee:**

Wells Fargo Bank, N.A.

Represented by:

Melissa A. McKinney
**BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP**
State Bar No. 24041451
melissmc@bdfgroup.com
15000 Surveyor Blvd., Suite 100
Addison, Texas 75001
(972) 341-0995 (Telephone)
(972) 341-0734 (Facsimile)
**ATTORNEYS FOR APPELLEE**

# TABLE OF CONTENTS

Identity of Parties and Counsel                                    Page 2

Table of Contents                                                       3

Index of Authorities                                                    5

Statement Regarding Oral Argument                                       7

Statement of Case                                                       7

Statement Regarding Jurisdiction                                        8

Appellee's Reply Points                                                 9

Statement of the Facts                                                  9

Summary of Argument                                                    12

Argument and Authorities                                              12

    Standard of Review                             12

    Nature of A Forcible Detainer Action           14

    The Burden of Proof in a Forcible Detainer Action   15

    The trial court correctly granted judgment on Wells Fargo's claim for   16
    forcible detainer. The Summary Judgment was rendered based on the
    pleadings before the Trial Court.

    There was sufficient evidence before the trial court to establish Wells   18
    Fargo Bank's superior right to possession.  There was no fabrication
    of any evidence by Wells Fargo.

    The occupant is prohibited from attempting to litigate issues that are   19
    unrelated to the forcible detainer within the same lawsuit.

A forcible detainer suit is limited to the issue of possession and not an attack on the legislative intent of non-judicial foreclosure sales in Texas.                21

Conclusion and Prayer                22

Certificate of Service                23

Certificate of Compliance                23

# INDEX OF AUTHORITIES

**Cases**        **Page**

1.  *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).    13

2.  *Cortez v. Liberty Mut. Fire Ins. Co.*, 885 S.W.2d 466 (Tex.App.—El Paso 1994, writ den'd)    13

3.  *Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex. 1983).    13, 14

4.  *Dormandy v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555 (Tex.App.—San Antonio 2001, pet. dism'd w.o.j.).    15, 20

5.  *Fleming v. Fannie Mae*, 2010 WL 4812983, (Tex.App.-Fort Worth Nov. 24, 2010, no pet.).    19

6.  *Gibbs v. General Motors,* 450 S.W.2d 827 (Tex.1970)    13

7.  *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470 (Tex. 1991)    13

8.  *Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex.2006)).    8

9.  *McFadden v. American United Life Ins. Co.*, 658 S.W.2d 147, 148 (Tex. 1983).    18

10. *Mitchell v. Citifinancial Mortgage Company,* 192 S.W. 3rd 882, 883 (Tex.App.Dallas 2006 no pet).    16

11. *Mortgage Electronic Registration Systems, Inc. v. Knight,* No. 09-04-452 CV, 2006 WL 510338, (Tex.App-Beaumont March 2, 2006, no pet.) (mem. op.).    17

12. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546 (Tex. 1985).    13, 18

13. *Plas-Tex, Inc. v. U.S. Steel Corp.,* 722 S.W.2d 442 (Tex. 1989).    13

14. *Powelson v. U.S. Bank National Association,* 125 S.W.3rd 810,    16

812 (Tex.App.-Dallas 2004, no pet.).

15. *Rice v Pinney, 51 S.W.3rd 705, 709* (Tex.App.-Dallas 2001, pet.dism'd w.o.j.).     14, 15, 19

16. *Rodriguez v. Citimortgage, Inc.,* No. 03–10–00093–CV, 2011 WL 182122, (Tex.App.-Austin Jan. 6, 2011, no pet.) (mem. op.).     15

17. *Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).*     18

18. *Scott v. Hewitt,* 127 Tex. 31, 35, 90 S.W.2d 816, 818-19 (1936).     22

19. *U.S. Bank Nat'l Ass'n v. Freeney,* 266 S.W.3d 623, 625 (Tex.App.-Dallas 2008, no pet.).     14

20. Villalon v. Bank One, 176 S.W. 3d 66, 70 (Tex. App-Houston [1st District] 2004, pet. denied     19

21. *Wilhelm v. Fannie Mae*, 349 S.W.3d 766, 768 (Tex. App.— Houston [14th Dist.] 2011, no pet.).     8

22. *Williams v. Bank of N.Y. Mellon,* 315 S.W.3d 925, 927 (Tex.App.-Dallas 2010, no pet.).     18

**Statutes –**

TEX. PROP. CODE ANN. § 24.002(a)(2)
TEX. PROP. CODE ANN. § 24.002(b)
TEX. PROP. CODE ANN. § 24.005

**Rules –**

TEX. R. APP. P. 39.7
TEX. R. CIV. P. 166a(c)
TEX. R. CIV. P. 510.3(e)
TEX. R. CIV. P. 746

## STATEMENT REGARDING ORAL ARGUMENT

Wells Fargo Bank, N.A. (hereinafter "Wells Fargo" or "Appellee") does not waive oral argument. Appellee believes that oral argument is not necessary for this Court to understand the issues presented in the Briefs of the parties. However, if the Court desires oral argument, Wells Fargo wishes to participate.[1]

## STATEMENT OF THE CASE

This forcible detainer case is an appeal from a Summary Judgment granted in favor of Wells Fargo. Wells Fargo filed suit for forcible detainer in the proper Justice of the Peace Court against Appellant Robert Robinson as well as Mary Edmiston and All Occupants of 186 Tarrant Road, Bullard, Texas 75757 (hereinafter the "Property"). The Justice Court granted possession of the Property to Wells Fargo. The Justice Court's Judgment was appealed by Appellant – who is not the former owner or a tenant under a lease agreement – to the County Court at Law of Cherokee County, Texas (hereinafter the "Trial Court"). The Trial Court entered a Summary Judgment in favor of Appellee. Appellant then appealed the Trial Court's Summary Judgment to this Court. Appellant failed to timely supersede the Trial Court Judgment. Pursuant to the Writ of Possession, Appellee gained possession of the Property on or around November 13, 2014.

---

[1] TEX. R. APP. P. 39.7.

## STATEMENT REGARDING JURISDICTION

1.     Wells Fargo again urges its position that this Court no longer has jurisdiction to determine this appeal because possession of the Property has transferred from Appellant to Appellee since the filing of the appeal. As explained in Appellee's previously filed Motion to Dismiss, Appellant did not timely supersede enforcement of the Trial Court's Summary Judgment. On October 30, 2014, a Writ of Possession was issued by the Cherokee County Clerk. The Writ of Possession was executed on November 13, 2014. Pursuant to the Writ of Possession, Appellee gained possession of the Property on or around November 13, 2014.

2.     The only issue in an action for forcible detainer is the right to actual possession of the premises, and the merits of title shall not be adjudicated.[2] Although the failure to supersede a forcible detainer judgment does not divest a defendant of his right to appeal when the defendant is no longer in possession of the premises, an appeal from the judgment in that case is moot unless the defendant asserts a "potentially meritorious claim of right to current, actual possession."[3]

---

[2] *Wilhelm v. Fannie Mae*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing TEX. R. CIV. P. 746; *Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex.2006)).
[3] *Id.* at 787; *Wilhelm*, 349 S.W.3d at 768.

3. Notwithstanding and without waiving Wells Fargo's position that this Court no longer has jurisdiction to determine the issues in this Appeal, Wells Fargo respectfully submits its brief.

## APPELLEES' REPLY POINTS:

1. The Trial Court correctly granted judgment on Wells Fargo's claim for forcible detainer. The Summary Judgment was properly rendered based on the pleadings before the Trial Court.

2. There was sufficient evidence before the Trial Court to establish Wells Fargo's superior right to possession. Wells Fargo presented valid, factually sufficient evidence to the Trial Court.

3. The record sufficiently demonstrated Wells Fargo's right of possession. The occupant is prohibited from attempting to litigate issues that are unrelated to the forcible detainer within the same lawsuit.

4. A forcible detainer suit is limited to the issue of possession and not an attack on the legislative intent of non-judicial foreclosure sales in Texas.

## STATEMENT OF FACTS

1. On March 20, 2007, Kenneth W. Houston (who is deceased and not a party to this Appeal) executed a Deed of Trust to secure payment of a Note concerning. (C.R. Vol. IV, pgs. 510-522). A certified copy of this Deed of Trust was filed as part of and in support of Wells Fargo's Motion for Summary

Judgment. *Id.*

2.    According to the terms of the Deed of Trust, in the event of default, the lender may require immediate payment in full of all sums secured under the terms of the Note and may invoke the power of sale contained in the Deed of Trust and any other remedies permitted by law. (C.R. Vol. IV, pgs. 513-514). Section 18 of the Deed of Trust further provided for the foreclosure sale of the Property to the highest bidder and permitted purchase by the lender or its designee. *Id.* at pg. 515. Paragraph 4 of Section 18 of said Deed of Trust also provides that:

> "If the property is sold pursuant to this paragraph 18, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession." *Id.*

3.    Kenneth W. Houston defaulted under the terms of the note and Deed of Trust subjecting the Property to foreclosure proceedings. After Appellant's default under the terms of the note and Deed of Trust, the law firm of Barrett, Daffin, Frappier, Turner and Engel, L.L.P. initiated foreclosure proceedings on behalf of Wells Fargo (C.R. Vol. I. 10-12, Vol. IV. pgs. 492-494). As evidenced by the Substitute Trustee's Deed, Wells Fargo purchased the Property at the non-judicial foreclosure sale held on May 5, 2009. *Id.* A certified copy of the Trustee's Deed was filed as part of and in support of Wells Fargo's Motion for Summary Judgment. (C.R. Vol. IV. pgs. 492-494).

4.      Shortly after the foreclosure sale, Wells Fargo filed a forcible detainer action and obtained Judgment in the Justice of the Peace Court. That Judgment was appealed to the County Court which determined that the appeal was not properly perfected. The appeal was remanded to the Justice of the Peace Court. The Justice of the Peace case was then removed by Mary Edmiston to Federal Court as Case No. 6:11-cv-00323. The Federal Court ultimately held that the removal and affirmative claims asserted by Mary Edmiston were improper and remanded the case back to the Justice of the Peace Court. (C.R. Vol. IV. pgs. 475-486, 500-502). Mary Edmiston then filed a petition for writ of certiorari which was denied by the Supreme Court of the United States. (C.R. Vol. IV. pgs. 503-504).

5.      Appellee, by and through its counsel of record, sent written notice to vacate and demand for possession to the Property on May 14, 2009, May 2, 2012, and August 13, 2012. True and correct copies of the Notices to Vacate were filed as part of and in support of Wells Fargo's Motion for Summary Judgment. (C.R. Vol. I. pgs. 15-24, Vol. II. pgs. 281-328, 332-380; Vol. IV. pgs. 530-578, 582-630).

6.      On August 20, 2012, Wells Fargo filed this suit for forcible detainer in the Justice of the Peace Court – Precinct 3 of Cherokee County, Texas. (C.R. Vol. I. pgs. 2-27, Vol. IV. pgs. 487-299). At the June 10, 2013 Justice of the Peace Court trial, after considering the pleadings on file and the argument of counsel, the

Justice of the Peace granted judgment in favor of Wells Fargo. (C.R. 28). Appellant appealed the Justice Court's Judgment to the County Court at Law of Cherokee County, Texas to be considered de novo. (C.R. Vol. I. pg. 183).

7. Despite not having standing to raise many of his claims (because he was not a party to the underlying mortgage and because the issues are not appropriate for a forcible entry and detainer case), Appellant attempted to assert counter-claims against Wells Fargo. (C.R. Vol. II. pgs. 191-219). Appellant tendered discovery to Appellee that covered allegations outside the scope of a forcible detainer lawsuit. Appellee filed its Verified Motion to Strike Deemed Admissions as well as tendered discovery responses to Appellant. (C.R. Vol. III, pgs. 423-454).

8. Wells Fargo filed its Plea to the Jurisdiction and Motion for Summary Judgment. (C.R. Vol. IV. pgs. 447-630). The hearing on Wells Fargo's Motion for Summary Judgment was held on June 18, 2014. The Trial Judge signed the "Order on Plaintiff's Plea to the Jurisdiction and Motion for Summary Judgment" on June 24, 2014. (C.R. Vol. V. pgs. 727-728).

## SUMMARY OF THE ARGUMENT

1. Appellee submits that based upon the pleadings and exhibits in support of its Motion for Summary Judgment that were on file with the Trial Court, it established its right to immediate possession of the Property as a matter of law.

Appellee accordingly submits that the Trial Court did not err in awarding possession of the Property to Appellee.

## ARGUMENT AND AUTHORITIES

### A. STANDARD OF REVIEW

1. The standard of review on appeal of a traditional motion for summary judgment is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that a judgment should be granted as a matter of law.[4] Thus, the question on appeal is not whether the summary judgment proof raises fact issues as to required elements of the movant's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of the movant's cause or claim.[5]

2. In a factual sufficiency review, the Court should consider all the evidence supporting and contradicting the finding.[6] The Court should set aside the finding only if the finding is so contrary to the overwhelming weight of the evidence "as to be clearly wrong and unjust."[7]

3. When an appellant challenges the legal sufficiency of the evidence to

---

[4] *See Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *Nixon v. Mr. Property Management Co.,*690 S.W.2d 546, 548 (Tex.1985); *Cortez v. Liberty Mut. Fire Ins. Co.,* 885 S.W.2d 466, 469 (Tex.App.-El Paso 1994, writ denied).

[5] *See Gibbs v. General Motors,* 450 S.W.2d 827, 828 (Tex.1970).

[6] *Plas-Tex, Inc. v. U.S. Steel Corp.,* 722 S.W.2d 442 (Tex. 1989).

[7] *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986).

support a finding on which it did not have the burden of proof at trial, it must demonstrate on appeal that no evidence exists to support the adverse finding.[8] The Court must review the record to determine whether any evidence supports the challenged finding.[9] If more than a scintilla of evidence exists to support the finding, the legal-sufficiency challenge fails.[10]

## B. NATURE OF A FORCIBLE DETAINER ACTIONS

4.      A forcible detainer action is a special proceeding governed by Chapter 24 of the Texas Property Code and Texas Rules of Civil Procedure 510. Under Texas law, a tenant who refuses to surrender possession of the subject property on demand commits a forcible detainer.[11] A forcible detainer action is intended to be a speedy, simple, and inexpensive means for resolving the question of the right to immediate possession of premises.[12] The only issue in an action for forcible detainer is the right to actual possession, and the merits of title shall not be adjudicated.[13] Any defects in the foreclosure process or with appellee's title to the property may not be considered in a forcible detainer action.[14] Those defects may be pursued in suits for wrongful foreclosure or to set aside the substitute trustee's deed, but they are not relevant in a forcible detainer action. *Id.*

---

[8] *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983).
[9] *Id.*
[10] *Id.*
[11] TEX. PROP. CODE ANN. § 24.002(a)(2).
[12] *Rice v Pinney, 51 S.W.3rd 705, 709* (Tex.App.-Dallas 2001, pet.dism'd w.o.j.).
[13] TEX. R. CIV. P. 510.3(e).
[14] *U.S. Bank Nat'l Ass'n v. Freeney*, 266 S.W.3d 623, 625 (Tex.App.-Dallas 2008, no pet.).

5.     Even when a dispute as to title may exist, if the foreclosed upon Deed of Trust establishes a landlord-tenant relationship making Appellant a tenant at sufferance, this relationship provides an independent basis for determining the right to immediate possession without resolving the ultimate issue of title to the property.[15]

6.     A forcible detainer action is cumulative, not exclusive, of other remedies that a party may have, thus the parties may pursue both a forcible detainer action in justice court and a suit to quiet title in district court. Simply put, forcible detainer actions in justice court may be prosecuted concurrently with title disputes in district court.[16]

## C. THE BURDEN OF PROOF IN FORCIBLE DETAINER ACTIONS

7.     To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession.[17] To establish its claim for forcible detainer, Appellee herein had to prove: (1) it was the owner of the property in question, (2) Appellant was an occupant at the time of foreclosure, (3) the foreclosure was of a lien superior to Appellant's right to possession, (4) Appellee made a written demand for possession in accordance with section 24.005 of the

---

[15] *Dormandy v. Dinero Land & Cattle Co., L.C., 61 S.W.3d 555* (Tex.App.—San Antonio 2001, pet. dism'd w.o.j.).
[16] *Id.* at 559.
[17] *Rice,* 51 S.W.3d at 709.

property code, and (5) Appellant failed and/or refused to vacate.[18]

(i) <u>The Complaint</u>

8.      Texas Rules of Civil Procedure requires that in a forcible detainer case the complaint "state the facts which entitle the complainant to possession..."[19] In Mitchell, the Court of Appeals stated:

> "The complaint in this case stated that Citifinancial, holder of the note for the Deed of Trust, executed its power of sale under the Deed of Trust and acquired the property. The complaint further stated that appellants were given notice to vacate the premises pursuant to the Texas Property Code and that they failed or refused to do so. These facts are sufficient to demonstrate Citifinancial's entitlement to possession of the property."[20]

## I. THE TRIAL COURT CORRECTLY GRANTED JUDGMENT ON WELLS FARGO'S CLAIM FOR FORCIBLE DETAINER. THE SUMMARY JUDGMENT WAS RENDERED BASED ON THE PLEADINGS BEFORE THE TRIAL COURT.

9.      The Petition for forcible detainer filed by Appellee makes the same allegations as Citifinancial's complaint, and establishes the same foundational facts as in the Mitchell and Powelson cases. (C.R. Vol. I. pgs. 2-27; Vol. IV. pgs. 487-499).

(ii) <u>The Evidence Submitted</u>

10.     In *MERS v. Knight,* the Beaumont Court of Appeals reviewed the

---

[18] *Rodriguez v. Citimortgage, Inc.,* No. 03–10–00093–CV, 2011 WL 182122, (Tex.App.-Austin Jan. 6, 2011, no pet.) (mem. op.).

[19] *Mitchell v. Citifinancial Mortgage Company,* 192 S.W. 3rd 882, 883 (Tex.App.Dallas 2006 no pet).

[20] *Powelson v. U.S. Bank National Association,* 125 S.W.3rd 810, 812 (Tex.App.-Dallas 2004, no pet.).

evidence presented by the plaintiff in a post-foreclosure forcible detainer case and made the following observations:

> "MERS further relied on three documents: (1) a certified copy of the deed of trust; 2) a certified copy of the substitute trustee's deed; and (3) a copy of the certified notice to vacate sent to Knight. First, the deed of trust signed by Knight established a landlord-tenant relationship between MERS and Knight. The deed of trust required Knight, or any person holding possession through her, to "immediately surrender possession of the Property to the purchase at the foreclosure sale." The deed of trust further provided that failure to surrender possession would cause Knight, or anyone possessing through her, to become a "tenant at sufferance." Second, the substitute trustee's deed established that MERS was entitled to possession of the property. The substitute trustee conveyed the property by deed to MERS after it purchased the property at the foreclosure sale. Finally, the notice to vacate provided proof of proper notice to KNIGHT that MERS required her to vacate the premises. *See* Tex. Prop. Code Ann. Sections 24.002(b); 24.005. Nothing in the record controverts the three legal documents. Thus, on this record, MERS established its entitlement to possession as a matter of law. We find the evidence is legally insufficient to support the award of possession to Knight and find that MERS established as a matter of law that it is legally entitled to possession of the premises. We find the county court erred in awarding possession to Knight. Accordingly, we reverse the court's judgment and render judgment that MERS is entitled to possession."[21]

11.    Appellee submits that the evidence submitted by Wells Fargo in support of the Motion for Summary Judgment and considered by the County Court in this case was essentially identical to the evidence introduced by MERS in the *Knight* case.

12.    To summarize, Appellee demonstrated at trial its right to possession

---

[21] *Mortgage Electronic Registration Systems, Inc. v. Knight*, No. 09-04-452 CV, 2006 WL 510338, (Tex.App-Beaumont March 2, 2006, no pet.) (mem. op.).

of the Property as follows: (1) the substitute trustee's deed (C.R. Vol. IV. pgs. 523-525) evidencing the foreclosure sale of the Property and purchase by Appellee; (2) the Deed of Trust (C.R. Vol. IV. pgs. 510-522) evidencing Appellant's status as a tenant at sufferance; and (3) the notice to vacate (C.R. Vol. IV. pgs. 527-578) evidencing Appellee's notification to Appellant that he (and others occupying the Property) must vacate the Property. This evidence is sufficient to demonstrate Appellee's right to immediate possession of the Property.[22] For these reasons, the trial court did not err in awarding possession of the Subject Property to Appellee.

## II. THERE WAS SUFFICIENT EVIDENCE BEFORE THE TRIAL COURT TO ESTABLISH WELLS FARGO BANK'S SUPERIOR RIGHT TO POSSESSION. THERE WAS NO FABRICATION OF ANY EVIDENCE BY WELLS FARGO.

13. A motion for summary judgment shall be granted if the pleadings and summary judgment evidence show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[23] The standard for reviewing a Motion for Summary Judgment under TEX. R. CIV. P. 166a is well established: (1) Plaintiff must show that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every

---

[22] *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex.App.-Dallas 2010, no pet.).

[23] TEX R. CIV. P. 166a(c); *McFadden v. American United Life Ins. Co.*, 658 S.W.2d 147, 148 (Tex. 1983).

reasonable inference must be resolved in the non-movant's favor.[24]

14.     Appellant's refusal to vacate is undisputed. The Substitute Trustee's Deed coupled with the Deed of Trust established the Substitute Trustee conveyed the Property to Plaintiff and Plaintiff was entitled to possession of the Property.[25] The Deed of Trust required Appellant to immediately surrender possession of the Property to Plaintiff as the purchaser at the sale and further provided that failure to surrender possession would cause Appellant to become a "tenant at sufferance." The foreclosure sale pursuant to the Deed of Trust established a landlord and tenant-at-sufferance relationship between Plaintiff and Appellant, and that landlord-tenant relationship provides a basis for determining the right to immediate possession.[26] The certified mail notice to Defendant provided proof that appellant required Defendant to vacate the premises.[27] Defendant's possession of the property and refusal to vacate is undisputed.[28] Therefore, Appellants established as a matter of law that it is legally entitled to possession of the Property.

---

[24] See *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997) (citing *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546,548-49 (Tex. 1985)).

[25] See *Rice*, 51 S.W.3d at 711.

[26] *Id.*; *Villalon v. Bank One*, 176 S.W. 3d 66, 71 (Tex. App-Houston [1st District] 2004, pet. denied (superior right to possession may occur in context of a landlord-tenant relationship arising after a foreclosure sale under a deed of trust).

[27] See TEX. PROP. CODE ANN. § § 24.002(b); 24.005.

[28] *Fleming v. Fannie Mae*, 2010 WL 4812983, (Tex.App.-Fort Worth Nov. 24, 2010, no pet.); *Shutter*, 318 S.W.3d 467, 471 (Tex.App.-Dallas 2010, pet. dism'd w.o.j.); *Williams*, 315 S.W.3d at 927 (citing *Scott*, 127 Tex. At 35, 90 S.W. 2d at 818– 19).

## III. THE OCCUPANT IS PROHIBITED FROM ATTEMPTING TO LITIGATE ISSUES THAT ARE UNRELATED TO THE FORCIBLE DETAINER WITHIN THE SAME LAWSUIT.

15. Appellee is not a party to the Deed of Trust which created the lien which was foreclosed on and purchased by Appellant on May 5, 2009. To the contrary, Kenneth W. Houston (who is deceased) is the borrower of record and the signatory on the Note, Deed of Trust, and associated loan documents. Appellee is not mentioned in either the Note or Deed of Trust; nor is Appellee mentioned in any of the origination documents. Appellee did not assume the loan or otherwise become bound by its provisions and Houston did not assign his rights under the Note or Deed of Trust to Appellee. As the signatory of the Note and Deed of Trust, only Houston would have been in direct privity with Wells Fargo. Accordingly, because the Appellee is neither a party to, nor the signatory of the Note and Deed of Trust, Appellee lack standing to bring any cause of action against Wells Fargo.[29]

16. In a forcible detainer action, a plaintiff is not required to prove its title but is only required to show evidence of ownership to demonstrate a right to immediate possession superior to a defendants' right of possession. To prevail and obtain possession in its forcible detainer action, the law required Appellee to show: (1) the substitute trustee conveyed the Property by deed to Appellee after the foreclosure sale; (2) the Deed of Trust signed by the borrower established a

---

[29] See *C&C Partners*, 783 S.W.2d at 721.

landlord-tenant relationship between Appellee and the tenant of the Property; (3) Appellee gave proper notice to Appellant that it required him/her to vacate the premises; and (4) Appellant refused to vacate the premises.[30] Therefore, Appellants established as a matter of law that it is legally entitled to possession of the Property.

## IV. A FORCIBLE DETAINER SUIT IS LIMITED TO THE ISSUE OF POSSESSION AND NOT AN ATTACK ON THE LEGISLATIVE INTENT OF NON-JUDICIAL FORECLOSURE SALES OR FORCIBLE DETAINER LAWS IN TEXAS

17. Texas law is clear that not only can the right to immediate possession be determined separately from the right to title in most cases, but the Texas legislature purposely established just such a system. In *Scott v. Hewitt*, the Supreme Court was asked by certified question to determine whether a provision in a deed of trust that made a defaulted grantor a tenant at sufferance was valid and able to support a forcible detainer action.[31] After concluding that the provision was valid, the Supreme Court stated:

> If [grantors] desire to attack the sale made under the deed of trust as being invalid, they may bring such suit in the district court for that purpose; but, in a suit for forcible detainer, such action is not permissible. The Legislature has expressly provided by forcible entry and detainer proceedings a summary, speedy, and inexpensive remedy for the determination of who is entitled to the possession of premises, *without resorting to an action upon the title*. This [forcible detainer] action allowed by law *is not exclusive, but cumulative*, of

---

[30] TEX. PROP. CODE ANN. §§ 24.002(a)(2), 24.002(b), 24.005 (Vernon 2000); See also *Villalon at* 71; See also *Dormady at 558*.
[31] *Scott v. Hewitt*, 127 Tex. 31, 35, 90 S.W.2d 816, 818-19 (1936).

any other remedy that a party may have in the courts of this state.[32]

18.    The Supreme Court expressly stated that in cases challenging the validity of a trustee deed--as in this case--the legislature contemplated concurrent actions in the district and justice/county courts to resolve issues of title and immediate possession, respectively.

## CONCLUSION AND PRAYER

The Trial Court appropriately granted judgment in favor of Appellee on the grounds that Appellee had a lawful right to possession of the Property under Chapter 24 of the Texas Property Code and other relevant Texas law. Appellee sufficiently demonstrated its claim for possession via introduction into legally sufficient evidence with its Motion for Summary Judgment. This documentary evidence consisted of: (1) the Deed of Trust; (2) the Substitute Trustee's Deed; and (3) the Notice(s) to Vacate. This evidence sufficiently established Wells Fargo's right to immediate possession of the Property. Appellant failed to properly supersede enforcement of the County Court Judgment and Wells Fargo was granted possession under the Writ of Possession. Appellee therefore respectfully requests that this Court either dismiss this appeal for lack of jurisdiction or affirm the County Court's Judgment and render Judgment in favor of Appellee.

---

[32] *Id.* at 818-19 (emphasis supplied).

Respectfully submitted,

**BARRETT DAFFIN FRAPPIER**
**TURNER & ENGEL, LLP**
*/s/ Melissa A. McKinney*
Melissa A. McKinney
State Bar No. 24041451
melissmc@bdfgroup.com
15000 Surveyor Blvd., Suite 100
Addison, Texas 75001
(972) 341-0995 (Telephone)
(972) 341-0734 (Facsimile)
**ATTORNEYS FOR APPELLEE**

## CERTIFICATE OF SERVICE

On this 5th day of January 2015, a true and correct copy of Appellee's Brief was served upon Appellants' counsel in accordance with the provision of the Texas Rules of Appellate Procedure.

**Via CMRRR#71969008911503136496**
Robert Robinson
16897 Pine Lane
Flint, Texas 75762

*/s/ Melissa A. McKinney*
Melissa A. McKinney

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4, I hereby certify that this document contains 4,556 words. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

*/s/ Melissa A. McKinney*
Melissa A. McKinney